UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LIDIE SANGARE,                                                  :
                                                                :
                Plaintiff,                                  :
                                                                :
                                                                :       **COMPLAINT AND**
          -against-                                      :       **JURY DEMAND**
                                                                :
SAIMA & SAMIRA INC., a New York                                 :       (Hellerstein, J)
Corporation, d/b/a SUBWAY, FATEMA                               :       07 CIV 5636
SADEQUE IQBAL, individually, and                                :
ASHIF IQBAL, individually,                                      :
                                                                :
                Defendants.                                 :
----------------------------------------------------------------X

## NATURE OF THE ACTION

      1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that she is: (i) entitled to unpaid wages from Defendants for overtime work for which she did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendants for hours she worked in which she was not paid the full minimum wage, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

      2.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), she is entitled to unpaid overtime wages from Defendants for her work beyond 40 hours per week; unpaid spread of hours payments from Defendants for each day she worked 10 or more hours; liquidated damages equal to 25 percent of her unpaid minimum and overtime wages; and attorneys fees and costs.

## JURISDICTION AND VENUE

      3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Lidie Sanagare was, at all relevant times, an adult individual, residing in Bronx County.

7. Upon information and belief, Defendant Saima & Samira Inc. is a New York corporation with its principal place of business in New York County.

8. Upon information and belief, Defendants Fatema Sadeque Iqbal and Ashif Iqbal, were at all times, individuals residing in Queens County.

## STATEMENT OF FACTS

9. At all relevant times, Plaintiff was employed as a food preparer and sandwich maker for Defendants. This job included duties such as taking customers' orders, receiving and processing cash and credit card payments for food, and cleaning cooking utensils.

10. Plaintiff was paid less than the applicable minimum wage for each hour she worked.

11. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times the applicable minimum wage, and for an extra hour in each day Plaintiff worked over ten or more hours, in violation of the FLSA and the New York Labor Law.

12. Plaintiff was employed by the Defendants from in or about January 30, 2007, until May 15, 2007.

13. Throughout all relevant time periods, upon information and belief, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and New York Labor Law.

**FIRST CLAIM FOR RELIEF:**
**FAIR LABOR STANDARDS ACT**

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 as if they were set forth again herein.

15. At all relevant times, upon information and belief, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

18. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

19. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for her hours worked in excess of forty hours per workweek.

20. As a result of the Defendants' willful failure to lawfully compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of

forty hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

21.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

22.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

23.     Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants her unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

24.     Plaintiff realleges and incorporates by reference paragraphs 1 through 23 as if they were set forth again herein.

25.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

26.     At all times relevant to this action, the state minimum wage was $7.15 per hour, as codified by N.Y. Labor Law § 652(1).

27.     Defendants willfully violated Plaintiff's rights by failing to pay her the applicable minimum wage for each hour Plaintiff worked, in violation of New York Labor Law § 592(1).

28.     Defendants willfully violated Plaintiff's rights by failing to pay her overtime compensation at rates not less than one and one-half times the applicable minimum wage for

4

each hour worked in excess of 40 hours per workweek, and an additional hour of pay, at the applicable minimum wage, for each day in which Plaintiff worked 10 or more hours, in violation of the New York Labor Law and its regulations.

29. The Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

30. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and proper minimum wage compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation, proper minimum wage compensation, and spread of hours compensation, pursuant to the New York Labor Law.

f. An award of prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
June 13, 2007

By: _____
Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
222 Broadway, 19th Floor
New York, New York 10038
Telephone: (212) 860-9169
Facsimile: (917) 421-9387

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**

6