UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YOPRK

| | |
|---|---|
| LIDIE SANGARE,<br><br>                              Plaintiff,<br><br>- against -<br><br>SAIMA & SAMIRA INC., as New York Corporation d/b/a SUBWAY, FATEMA SADEQUE IQBAL, individually, and ASHIF IQBAL, individually,<br><br>                             Defendants. | Case No.: 07-CIV-5636 (JZ)<br><br>**ANSWER** |

      Defendants Saima & Samira. Inc. d/b/a as Subway (hereinafter referred to as "Saima"), Fatema Sadeque Iqbal (hereinafter referred to as "Fatema Iqbal"), and Ashif Iqbal (hereinafter referred to "Ashif Iqbal") (collectively, hereinafter referred to as "Defendants "), by its attorneys The Law Office of Stephen Mc Quade, answers the claims asserted in Plaintiff's Complaint, dated June 13, 2007 (hereinafter referred to as the "Complaint"), as follows:

      1.     Deny the allegations contained in paragraph 1.

      2.     Deny the allegations contained in paragraph 2.

      3.     Admit that this Court has subject matter jurisdiction over the instant matter, and supplemental jurisdiction over the state law claims.

      4.     Admit that venue is proper in the Southern District of New York.

      5.     Deny the allegations contained in paragraph 5.

      6.     Admit that Lidie Sangare (hereinafter referred to as "Plaintiff") was, at all times relevant to this action, an adult individual who resided in the State of New York, County of the Bronx.

7. Deny the allegation contained in paragraph 7.

8. Admit that Defendants Fatema Iqbal and Ashif Iqbal were, at all times relevant to this action, individuals who resided in the State of New York, County of Queens.

9. Admit the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. Deny the allegations contained in paragraph 11.

12. Deny the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

14. In response to paragraph 14, repeat, reiterate and incorporate each and every response given to 1 through 13.

15. Admit that Defendants were engaged in interstate commerce within the meaning of the applicable statutes.

16. Admit that Defendants employed Plaintiff within the meaning of the applicable statutes.

17. Deny the allegations contained in paragraph 17.

18. Deny the knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Deny the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. In response to paragraph 24, repeat, reiterate and incorporate each and every response given to 1 through 23.

25. Admit that Defendants employed Plaintiff within the meaning of the applicable statutes.

26. Admit that, at all times relevant to this action, the New York State minimum wage was $7.15 per hour, as set forth by the applicable statutes.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

29. Deny the allegations contained in paragraph 29.

30. Deny the allegations contained in paragraph 30.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

31. Plaintiffs' complaint fails to set forth a cause of action upon which relief can be granted

### SECOND AFFIRMATIVE DEFENSE

32. The Complaint fails to set forth facts sufficient to warrant the awarding of punitive damages to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

33. Plaintiff has failed to exhaust administrative remedies related to the claims averred by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

34. To the extent that Plaintiff suffered any compensable damages, allegations which have been denied by Defendants, Plaintiff failed to mitigate those damages.

**FIFTH AFFIRMATIVE DEFENSE**

35. Defendants, at all times relevant to this action, acted in accordance with any and all employment agreements, policies, practices, procedures, and law that governed the employment relationship between Plaintiff and Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

36. To the extent that Plaintiff suffered compensable damages, allegations which have been denied by Defendants, such damages are not the responsibility of Defendants, but are instead the responsibility of other persons or entities not party to this action.

**SEVENTH AFFIRMATIVE DEFENSE**

37. Plaintiffs' claims, in whole or in part, are barred by the Doctrine of Estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

38. Plaintiffs' claims, in whole or in part, are barred by the Doctrine of Waiver.

**NINTH AFFIRMATIVE DEFENSE**

39. Plaintiffs' claims, in whole or in part, are barred by the Doctrine of Unclean Hands.

**TENTH AFFIRMATIVE DEFENSE**

40. Plaintiffs' claims, in whole or in part, are barred by the Doctrine of Unavoidable Consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

41. Plaintiffs' claims, in whole or in part, are barred by the Doctrine of Election of Remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

42. Plaintiffs' claims, in whole or in part, are barred by the Doctrine of Accord and Satisfaction.

**THIRTEENTH AFFIRMATIVE DEFENSE**

43. Plaintiffs' claims, in whole or in part, violate New York State law governing frivolous litigation.

**FOURTEENTH AFFIRMATIVE DEFENSE**

44. Defendants reserve the rights to rely on any and all additional defenses as discovery progresses in the instant matter.

**FIFTEENTH AFFIRMATIVE DEFENSE**

45. No actions of Defendants were the causes of fact of any damages allegedly suffered by Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

46. Defendants reserve the right to assert any and all other affirmative defenses that may be applicable as discovery proceeds, as well as any counterclaims.

WHEREFORE, Defendants see judgment against Plaintiff dismissing the Complaint in its entirety with prejudice and requests that this Court award Defendants all costs and disbursements including, but not limited to, attorney's fees and other further relief as this Court deems just and proper.

Dated: New York, New York
 September 10, 2007

                        THE LAW OFFICE OF STEPHEN MC QUADE

                        _____
                        By: Stephen Mc Quade (SM 6995)
                        Attorneys for Defendants
                        150 Tenth Avenue, Suite 3C
                        New York, New York 10011
                        (212) 242-3964
                        (212) 599-3116

TO:    Justin A. Zeller, Esq.
        The Law Office of Justin A. Zeller, P.C.
        222 Broadway, 19th Floor
        New York, New York 10038